CLARK HOLMAN *vs.* WILLIAM SIGOURNEY.

Under the Rev. Sts. *c.* 85, § 13, an appeal lies from the judgment of a justice of the peace, rendered upon a default, as well as from a judgment rendered after trial on an issue joined by the parties.

*It seems,* that the rules of the court of common pleas, established at July term 1837, respecting specifications of defence, do not apply to cases of appeal from a justice of the peace.

ASSUMPSIT on the money counts. The action was commenced before a justice of the peace on the 10th of February 1845. The parties appeared before the justice, and the defendant allowed himself to be defaulted. Judgment was rendered for the plaintiff, upon the default. From that judgment the defendant appealed. The appeal was allowed by the justice, and was entered at the June term of the court of common pleas, in 1845, when an appearance was entered for the plaintiff. At the December term 1845, held by *Merrick,* J. the plaintiff filed a motion that the appeal should be dismissed, because it did not appear, by the copy of the justice's record, that any plea was made, or issue joined, in the justice' court, but it did appear that judgment was rendered upon the default of the defendant, from which the defendant had no right of appeal. The judge overruled this motion, and directed the parties to plead. The defendant then pleaded the general issue, but filed no specification of defence. Issue was joined on the defendant's plea, and the trial proceeded.

The plaintiff produced a note for $19, signed by the defendant, dated November 21st 1838, payable to Joseph Griggs, or order, on demand, and indorsed by said Griggs in blank. On the back of the note was indorsed, in the defendant's hand writing, a payment of $12, dated February 12th 1839.

Holman *v.* Sigourney.

It appeared, by evidence introduced by the defendant, that immediately after the payment of the $19 by him, said Griggs delivered the note to Peter Marble, in part payment for work, but did not indorse it, until he indorsed it to the plaintiff about a year and a half before the trial.

The defendant offered evidence tending to show payment of the note by Marble to Griggs, at the request of the defendant, in February 1839; and also evidence tending to show payment to Marble, and a release of the note by him, prior to ʰthe indorsement thereof by Griggs. The plaintiff objected to the admission of this evidence. The judge overruled the objection, and a verdict was returned for the defendant. The plaintiff alleged exceptions to the rulings and decisions of the judge.

*G. Parker,* for the plaintiff. The appeal should have been dismissed; for no appeal lies from a default, when an issue has not been joined. *Sts.* 1783, *c.* 42, § 6; 1803, *c.* 154, § 5. 6 Dane Ab. 447. See also *Wetherbee* v. *Johnson,* 14 Mass. 420. *Murdock's case,* 7 Pick. 321. *Cushing* v. *Field,* 9 Met. 180. If the Rev. Sts. *c.* 82, § 6, and *c.* 85, § 13, have altered the law, in any case, that alteration does not apply to the case at bar. The defendant is not "aggrieved by the judgment" which was rendered against him, by his own consent, on default.

Since *St.* 1836, *c.* 273, the evidence of payment, which was not admitted, was not admissible; as there was no specification of defence. No issue was joined before the justice; and the plea in the court of common pleas should be treated as if the action had been commenced there.

By the 41st of the rules of that court, established at July term 1837, "in all civil actions, the defendant shall not be allowed to give in evidence any specific and substantive matter of discharge or avoidance of the action, unless he shall have filed a statement in writing, setting forth substantially the matter of his defence; such statement to be filed at the same time with the plea, unless the court shall, for sufficient cause shown, allow it to be filed afterwards."

37*

· *Bacon,* for the defendant. By the Rev. Sts. *c.* 85, § 13, an appeal lies from a justice's judgment, though no issue is joined, and though the defendant is defaulted. So of an appeal from the court of common pleas, under Rev. Sts. *c.* 82, § 6. (See commissioners' notes on this subject.)

The objection to the admission of evidence of payment, under the general issue, without a specification of defence, is not open to the defendant. The exceptions do not show that the objection at the trial was made on this ground. Besides; the rules of the court of common pleas do not require a specification of defence in cases appealed from a justice.

As the note was dishonored before it was indorsed to the plaintiff, all defences were open to the defendant, which would have availed him against an action in the name of Griggs.

DEWEY, J. The right of appeal from a judgment of a justice of the peace to the court of common pleas must always depend upon, and be regulated by, the existing statute law. The *St.* of 1783, *c.* 42, § 6, provided that any party aggrieved at the judgment of any justice of the peace in a civil action, where both parties had appeared and pleaded, might appeal therefrom to the next court of common pleas. This statute remained in force, and regulated the right of appeal from justices, until the period of enacting the revised statutes, by force of which, (*c.* 85, § 13,) new provisions were introduced.

The original right of appeal, it will be perceived, was confined to cases where an issue had been joined. The provision as to an appeal from the common pleas to the supreme judicial court had been less uniform. By *St.* 1782, *c.* 11, § 2, any party aggrieved by a judgment of the court of common pleas, might appeal, as well where no issue had been joined, as where the parties had appeared and pleaded. Such continued to be the law as to appeals from the common pleas, until the passing of *St.* 1803, *c.* 154, by which it was enacted (§ 5,) that no appeal should thereafter be allowed from any judgment rendered in any court of common pleas on default. The *St.* of 1811, *c.* 33, establishing circuit courts of common pleas and repealing the statutes creating county courts, also

confined the right of appeal to cases where an issue had been joined ; as did also the *St.* of 1820, *c.* 79, establishing the present court of common pleas.

Such was the law in relation to appeals, at the time of the enacting of the revised statutes. The commissioners for revising the statutes recommended expunging the clause in the foregoing statutes, confining the right of appeal to cases in which issue had been joined, as well in reference to appeals from justices of the peace, as from the court of common pleas. Commissioners' notes to *c.* 82, § 6, and *c.* 85, § 12. The legislature adopted this recommendation, and the words " in which any issue has been joined " were stricken out, in both cases. The effect of this change in the statutes has been to confer the right of appeal on a party aggrieved by a judgment of a justice of the peace, as well upon a default as upon an issue joined by the parties. The judgment upon a default may be for a sum too large, or too small, or may be rendered for causes of action not embraced in the count; which judgment may be the proper subject of complaint by an aggrieved party, and may be corrected upon an appeal, if seasonably taken.

Supposing the present appeal to be well taken, the plaintiff then insists that the defendant could not avail himself of the proposed defence to the action, by reason of his omission to file a specification of the defence at the time of filing the plea of the general issue, as is required by the general rules of practice established by the court of common pleas. It seems to us that this point is not open to the plaintiff, as the objection does not appear to have been distinctly raised on the trial in the court of common pleas. If it be so, however, we should be strongly inclined to the opinion that the rule referred to does not apply to cases brought before that court by appeal from a justice of the peace. In many cases the rule could not be applied, as the pleadings might have been filed before the justice. We think, therefore, that this objection, now taken by the plaintiff, must be overruled.

The remaining question, arising upon the admission of

evidence tending to show a payment of the demand, seems to present no difficulty. The defendant attempted to show such payment to have been made while the note was in the hands of a prior holder, and after it was due. The evidence was competent, and its sufficiency was a question for the jury.

*Exceptions overruled*